# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASSIA RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MILAN INSTITUTE, et al.,<br><br>　　　　　Defendants. | 1:15-cv-1669-LJO-SAB<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO COMPEL ARBITRATION (Doc. 4)** |

## I. FACTUAL AND PROCEDURAL BACKGROUND

Before the Court is Defendants'[1] motion to compel arbitration of Plaintiff Kassia Rodriguez's employment claims under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. Doc. 4. Defendants argue that Plaintiff must submit her claims to arbitration pursuant to her employment contract and, accordingly, the Court should dismiss this case. *See id.* at 1.

Plaintiff does not dispute that she must submit her claims to arbitration. *See* Doc. 12 at 2. Citing 9 U.S.C. § 3 ("§ 3"), Plaintiff argues, however, that this case should be stayed pending the outcome of the arbitration, not dismissed. *Id.*

Accordingly, the only issue before the Court is whether to stay or dismiss this case. The Court took the matter under submission on the papers. *See* Doc. 14. For the following reasons, the Court GRANTS Defendants' motion to compel arbitration and DISMISSES WITH PREJUDICE this case.

## II. DISCUSSION

Section 3 of the FAA "provides for a stay pending compliance with a contractual arbitration

---

[1] Defendants are Milan Institute, Milan Institute of Cosmetology, Gary Yasuda, Shahrooz Roohparvar, and Erika Lopez.

1

clause." *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 568 F.2d 143, 147 (9th Cir. 1978). Because "a request for a stay [under § 3] is not mandatory," courts have discretion to stay claims when they are subject to arbitration. *Id.* But when claims are subject to arbitration, they are subject to dismissal under Fed. R. Civ. P. 12(b)(6). *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004); *see Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) ("This court held [in *Martin Marietta*] that 9 U.S.C. section 3 gives a court authority . . . to grant a stay pending arbitration, but . . . the provision did not limit the court's authority to grant a dismissal in this case [under Fed. R. Civ. P. 12(b)(6)].").

There is no dispute that Plaintiff's claims are subject to arbitration. *See* Doc. 12 at 3. The Court declines to exercise its discretion to stay this case. Instead, the Court DISMISSES WITH PREJUDICE this case. *See Lewis v. UBS Fin. Servs., Inc.*, 818 F. Supp. 2d 1161, 1169 (N.D. Cal. 2011) (finding dismissal with prejudice appropriate when claims are subject to arbitration); *Morgan v. Xerox Corp.*, No. 2:13-cv-408-TLN-AC, 2013 WL 2151656, at *7 (E.D. Cal. May 16, 2013) (same).

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendants' motion to compel arbitration of Plaintiff's claims (Doc. 4), and DISMISSES WITH PREJUDICE this case. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **January 20, 2016**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE